UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

*Eastern District of Kentucky*
**FILED**
APR 26 2007
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

Civil Action No. 06-85-HRW

BARBARA SPARKS, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on March 5, 2003, alleging disability beginning on March 2, 2003, due to fibromyalgia (Tr. 50-54). This application was denied initially and on reconsideration. On September 21, 2005, an administrative hearing was

conducted by Administrative Law Judge Ronald Jordan (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. In addition, William Cody, a certified rehabilitation counselor testified as a vocational expert (hereinafter "VE").

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On December 23, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-20).

Plaintiff was 35 years old at the time of the hearing decision (Tr. 50). She has a high school education and no past relevant work experience (Tr. 70, 340).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 19).

The ALJ then determined, at Step 2, that Plaintiff suffered from depression, fibromyalgia and depression, which he found to be "severe" within the meaning of the Regulations (Tr. 14, 19).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 19).

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform the full range of sedentary work (Tr. 20). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 20). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 6, 2006 (Tr. 4-

…

6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 16 and 17] and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

…
4

(6th Cir.1997).

In support of her appeal, Plaintff contends that the ALJ's hypothetical question to the VE was incomplete and thus the VE's response to the same is not substantial evidence which would support the ALJ's ultimate finding of no disability. Specifically, Plaintiff contests the ALJ's RFC only to the extent it included a limitation of "no more than frequent bilateral fine fingering and handling." Plaintiff contends that she is limited to no more than **occasional** fine fingering and handling. She argues that adding this limitation to the RFC and the hypothetical to the VE, renders her disabled.

Having reviewed the record, the Court finds Plaintiff's contention to be without merit. While the record shows that Plaintff has, on occasion, complained of pain in her right hand and stiffness in her fingers, she never stated that it prevented her from using her hand in daily activities (Tr. 113, 122, 124, 135). Rather, lower back pain seems to have been her primary complaint. Notably, no physician has assessed any limitations or restrictions pertaining to the use of her hand. Indeed, by limiting her fine fingering and handling at all, the ALJ appears to have extended to Plaintiff considerable benefit of the doubt. The record is simply devoid of credible medical evidence suggesting functional limitations beyond those found by the ALJ.

In this case, the hypothetical posed accurately portrays the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

Plaintiff also alleges that the ALJ erred by not including rheumatoid arthritis as a severe limitation at Step 2 of the sequential evaluation.

A "severe" impairment is one which significantly limits one's physical or mental abilities to do basic work activities. 20 C.F.R. § 416.920( c). In addition, the impairment must be severe for a continuous period of at least twelve months. 20 C.F.R. § 416.920(a)(4)(ii). It is the burden of the claimant to prove the severity of his impairments. *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988), *citing, Murphy v. Secretary of Health and Human Services*, 801 F.2d 182, 185 (6th Cir. 1986).

In this case, Plaintiff failed in carrying her burden of demonstrating that she suffers from rheumatoid arthritis which is "severe," as defined by the Regulations. She has brought forth no evidence that this condition significantly impacts her ability to perform basic work activities. Rather, Plaintiff appears to suggest that the existence of an impairment is tantamount to its severity. That is not the case. The pertinent inquiry is whether an impairment impacts one's functional

capabilities, not merely whether an impairment exists.

Moreover, the ALJ resolved Step 2 in Plaintiff's favor; the fact the ALJ did not consider this particular impairment to be severe did not impede Plaintiff's claim for disability.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 26, 2007.

Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**